IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHRYNN PALS, as personal representative of the Estate of JAMISON B. PALS and personal representative of the Estate of EZRA A. PALS, and GORDON ENGEL, as personal representative of the Estate of KATHRYNE L. PALS, personal representative of the Estate of VIOLET J. PALS, and personal representative of the Estate of CALVIN B. PALS, <br><br>Plaintiffs, <br><br>vs. <br><br>TONY WEEKLY JR. and BOHREN LOGISTICS, INC., <br><br>Defendants. | Case No.: _____ <br><br>**COMPLAINT** <br>_____ <br><br>**DEMAND FOR JURY TRIAL** <br><br>_____ <br><br>**REQUEST FOR TRIAL IN OMAHA, NEBRASKA** |

For their Complaint, by and through their counsel, Plaintiffs Kathrynn Pals, as personal representative for the Estates of Jamison B. Pals (deceased) and Ezra A. Pals (deceased), and Gordon Engel, as personal representative for the Estates of Kathryne L. Pals (deceased), Violet J. Pals (deceased), and Calvin B. Pals (deceased), state the following in support of their causes of action against Defendants Tony Weekly Jr. and Bohren Logistics, Inc.:

1. This action arises from the wrongful deaths of Jamison and Kathryne Pals and their three children, Ezra, Violet, and Calvin (*hereafter*, the "Pals Family"), who were tragically killed on July 31, 2016, while driving westbound on Interstate 80 near Brule, Nebraska, as a result of the wrongful and negligent acts and omissions of Defendants.

## PARTIES AND JURISDICTION

2. Plaintiff Kathrynn Pals is the mother of decedent Jamison B. Pals and has been duly appointed as Personal Representative of Decedent's Estate in the *Matter of the Estate of Jamison B. Pals*, Court File No. 27-PA-PR-16-1398 (Hennepin Cnty., Minn., 4th Judicial Dist.).

3. Plaintiff Kathrynn Pals is the grandmother of decedent Ezra A. Pals and has been duly appointed as Personal Representative of Decedent's Estate in the *Matter of the Estate of Ezra A. Pals*, Court File No. 27-PA-PR-16-1400 (Hennepin Cnty., Minn., 4th Judicial Dist.).

4. Plaintiff Gordon Engel is the father of decedent Kathryne L. Pals and has been duly appointed as Personal Representative of Decedent's Estate in the *Matter of the Estate of Kathryne L. Pals*, Court File No. 27-PA-PR-16-1399 (Hennepin Cnty., Minn. 4th Judicial Dist.).

5. Plaintiff Gordon Engel is the grandfather of decedent Violet J. Pals and has been duly appointed as Personal Representative of Decedent's Estate in the *Matter of the Estate of Violet J. Pals*, Court File No. 27-PA-PR-16-1401 (Hennepin Cnty., Minn., 4th Judicial Dist.).

6. Plaintiff Gordon Engel is the grandfather of decedent Calvin B. Pals and has been duly appointed as Personal Representative of Decedent's Estate in the *Matter of the Estate of Calvin B. Pals*, Court File No. 27-PA-PR-16-1402 (Hennepin Cnty, Minn., 4th Judicial Dist.).

7. Plaintiffs Kathrynn Pals and Gordon Engel both reside in and are citizens of the State of Minnesota.

8. Defendant Tony Weekly Jr. ("Weekly") is a truck driver employed by Defendant Bohren Logistics, Inc. at all relevant times and who resides in and is a citizen of the State of Florida.

9. Defendant Bohren Logistics, Inc. ("Bohren") is a trucking company that transports freight in interstate commerce, including the State of Nebraska. Bohren is a citizen of the State of Indiana by virtue of its incorporation there and having its principal place of business located in Garrett, Indiana.

10. At all relevant times, Bohren was operating as a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in the Federal Motor Carrier Safety Regulations and was, thus, subject to such rules and regulations as promulgated and codified within 49 C.F.R. § 300, *et seq*.

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 & 1332 because the claims asserted herein raise federal questions arising under the laws of the United States, because there exists diversity of citizenship as between Plaintiffs on the one hand and all Defendants on the other, and the amount in controversy for each Plaintiff's claim against each Defendant exceeds $75,000 exclusive of interest and costs.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the State of Nebraska located within this District.

13. Joinder of Plaintiffs and Defendants is proper in this action under Federal Rule of Civil Procedure 20 because Plaintiffs seek relief arising out of the same occurrence or series of occurrences, questions of law and fact common to all Plaintiffs

and Defendants will arise in the action, and relief is sought against Defendants jointly and severally.

## FACTUAL ALLEGATIONS

14. On July 31, 2016, the Pals Family was driving westbound on Interstate 80 to begin training for a church mission trip to Japan.

15. On July 31, 2016, at approximately 11:29 a.m., road construction near mile-marker 113 in Brule, Nebraska, caused the westbound portion of Interstate 80 to slow and come to a stop.

16. The Pals Family slowed and stopped their vehicle because of the road construction, at which time Defendant Weekly failed to slow down as he approached the Pals Family from behind while driving a 2015 Freightliner tractor and semi-trailer (the "Tractor").

17. Defendant Weekly failed to slow down when approaching the Pals Family vehicle because he was inattentive and was not keeping his eyes and focus on the roadway.

18. Weekly's failure to slow down or stop caused the Tractor to strike the Pals Family vehicle from behind at a rate of speed of over 55 miles per hour, resulting in a chain reaction collision between the Pals Family and the other vehicles in front of the Pals Family.

19. The Pals Family vehicle burst into flames after it was struck by the Tractor, and the Pals Family died as a result.

## COUNT I (WRONGFUL DEATH AGAINST WEEKLY)

20. Plaintiffs incorporate by reference and repeat now paragraphs 1-19.

21. A reasonable and ordinarily prudent person in the position of Weekly would have maintained focus on the roadway and control of the Tractor so as to avoid colliding with the Pals Family.

22. As a direct and proximate result of Weekly's negligence, the members of the Pals Family were killed wrongfully and prematurely.

23. In failing to maintain focus on the roadway and control of the Tractor, Weekly violated numerous statutory and regulatory provisions implemented for the purpose of protecting other drivers on the roadway such as the Pals Family, including, but not limited to:

    a. Weekly violated Neb. Rev. Stat. § 60-6, 212 ("Careless Driving") by driving the Tractor within the State of Nebraska carelessly and without due caution so as to endanger a person or property;

    b. Weekly violated Neb. Rev. Stat. § 60-6, 213 ("Reckless Driving") by driving the Tractor in such a manner as to indicate indifferent or wanton disregard for the safety of persons or property;

    c. Weekly was not qualified to drive a commercial motor vehicle as required under 49 C.F.R. § 391.11;

    d. Weekly violated 49 C.F.R. § 392.2 by failing to operate the Tractor in accordance with the laws, ordinances, and regulations of the State of Nebraska;

    e. Weekly violated 49 C.F.R. § 392.3 by operating the Tractor while his ability or alertness was so impaired, or so likely to become impaired, through fatigue and inattentiveness, as to make it unsafe for him to operate the Tractor;

    f. Upon information and belief, Weekly violated 49 C.F.R. § 392.82 by using a hand-held mobile telephone while driving the Tractor.

24. As a direct and proximate result of Weekly's violations of applicable statutes and regulations, the members of the Pals Family were killed wrongfully and prematurely.

25. Under Neb. Rev. Stat. § 30-809, Defendant Weekly is therefore liable to the next-of-kin of the Pals Family for causing their wrongful and premature deaths.

26. Under Neb. Rev. Stat. § 30-809, Plaintiff Kathrynn Pals, in her capacity as personal representative of the Estates of Jamison and Ezra Pals, is entitled to recover for the next-of-kin of Jamison and Ezra Pals the value of the pecuniary loss suffered as a result of their wrongful and premature deaths, including funeral expenses, lost financial support, and the pecuniary value of lost services, advice, comfort, society, and companionship.

27. Under Neb. Rev. Stat. § 30-809, Plaintiff Gordon Engel, in his capacity as personal representative of the Estates of Kathryne, Violet, and Calvin Pals, is entitled to recover for the next-of-kin of Kathryne, Violet, and Calvin Pals the value of the pecuniary loss suffered as a result of their wrongful and premature deaths, including funeral expenses, lost financial support, and the pecuniary value of lost services, advice, comfort, society, and companionship.

## COUNT II (NEGLIGENCE AGAINST WEEKLY)

28. Plaintiffs incorporate by reference and repeat now paragraphs 1-27.

29. The Pals Family members did not die on impact when the Tractor struck their vehicle.

30. Due to the impact of the collision, the members of the Pals Family were trapped in the vehicle and were killed as a result of fire and smoke inhalation.

31. As a direct and proximate result of Weekly's negligence, the members of the Pals Family experienced pain and suffering, including fear and apprehension of impending death.

32. As a direct and proximate result of Weekly's violations of applicable statutes and regulations described above, the members of the Pals Family experienced pain and suffering, including fear and apprehension of impending death.

33. Under Neb. Rev. Stat. § 25-1401, Defendant Weekly is therefore liable to the respective Estates of the Pals Family for causing them personal injury.

34. Under Neb. Rev. Stat. § 25-1401, Plaintiff Kathrynn Pals, in her capacity as personal representative of the Estates of Jamison and Ezra Pals, is entitled to recover for the respective Estates of Jamison and Ezra Pals damages for the personal injuries to Jamison and Ezra Pals proximately caused by Defendant Weekly's negligent and wrongful acts and omissions.

35. Under Neb. Rev. Stat. § 25-1401, Plaintiff Gordon Engel, in his capacity as personal representative of the Estates of Kathryne, Violet, and Calvin Pals, is entitled to recover for the respective Estates of Kathryne, Violet, and Calvin Pals damages for the personal injuries to Kathryne, Violet, and Calvin Pals proximately caused by Defendant Weekly's negligent and wrongful acts and omissions.

### COUNT III (WRONGFUL DEATH AGAINST BOHREN)

36. Plaintiffs incorporate by reference and repeat now paragraphs 1-35.

37. Bohren was the registered "carrier" of the Tractor under the Federal Motor Carrier Act and, as such, assumed all responsibility for the operation of the Tractor. 49 U.S.C. § 14102, 49 C.F.R. § 376.12(c).

38. Bohren is assigned Carrier Identification Number 623018 by the Department of Transportation, and said Identification Number appears in the Investigator's Motor Vehicle Accident Report prepared by the Nebraska State Patrol.

39. Based upon the Investigator's Motor Vehicle Accident Report, the Tractor bore the placard of Bohren and displayed Bohren's name and operating authority as issued by the Department of Transportation at the time of the collision.

40. At all relevant times, Weekly was operating the Tractor as an agent, servant, or employee of Defendant Bohren Logistics, Inc. and within the normal and ordinary scope of his agency, servitude, or employment with Bohren.

41. At all relevant times, Weekly operated the Tractor with the knowledge, consent, and permission of Bohren.

42. As Weekly's principal or employer, and as the registered carrier of the Tractor, Bohren is liable for the negligent and wrongful acts or omissions of Weekly that caused the wrongful and premature death of the Pals Family as set forth in Count I above.

43. Under Neb. Rev. Stat. § 30-809, Plaintiff Kathrynn Pals, in her capacity as personal representative of the Estates of Jamison and Ezra Pals, is entitled to recover for the next-of-kin of Jamison and Ezra Pals the value of the pecuniary loss suffered as a result of their wrongful and premature deaths, including funeral expenses, lost financial support, and the pecuniary value of lost services, advice, comfort, society, and companionship.

44. Under Neb. Rev. Stat. § 30-809, Plaintiff Gordon Engel, in his capacity as personal representative of the Estates of Kathryne, Violet, and Calvin Pals, is entitled to recover for the next-of-kin of Kathryne, Violet, and Calvin Pals the value of the pecuniary loss suffered as a result of their wrongful and premature deaths, including funeral expenses, lost financial support, and the pecuniary value of lost services, advice, comfort, society, and companionship.

## COUNT IV (VICARIOUS NEGLIGENCE AGAINST BOHREN)

45. Plaintiffs incorporate by reference and repeat now paragraphs 1-44.

46. As Weekly's principal or employer, and as the registered carrier of the Tractor, Bohren is vicariously liable for the negligent and wrongful acts or omissions of Weekly that caused the members of the Pals Family pain and suffering and fear and apprehension of impending death as set forth in Count II above.

47. Under Neb. Rev. Stat. § 25-1401, Plaintiff Kathrynn Pals, in her capacity as personal representative of the Estates of Jamison and Ezra Pals, is entitled to recover for the respective Estates of Jamison and Ezra Pals damages for the personal injuries to Jamison and Ezra Pals proximately caused by Defendant Weekly's negligent and wrongful acts and omissions while operating the Tractor.

48. Under Neb. Rev. Stat. § 25-1401, Plaintiff Gordon Engels, in his capacity as personal representative of the Estates of Kathryne, Violet, and Calvin Pals, is entitled to recover for the respective Estates of Kathryne, Violet, and Calvin Pals damages for the personal injuries to Kathryne, Violet, and Calvin Pals proximately caused by Defendant Weekly's negligent and wrongful acts and omissions while operating the Tractor.

## COUNT V (DIRECT NEGLIGENCE AGAINST BOHREN)

49. Plaintiffs incorporate by reference and repeat now paragraphs 1-48.

50. Public records reflect that, prior to the collision with the Pals Family, Tony Weekly had been charged with and/or convicted of multiple driving violations including failure to obey a traffic control device, careless driving, and driving with a suspended or revoked license.

51. Public records reflect that, prior to the collision with the Pals Family, vehicles owned and/or operated by Tony Weekly had been involved in no fewer than seven automobile collisions.

52. For example, public records reflect that in August 2007 Tony Weekly was found to be at fault for causing an accident while driving a 2005 Mack 600 CXN Cab Truck Tractor owned by Weekly's previous employer.

53. Public records reflect that just three months earlier, in May 2007, Tony Weekly was involved in a separate accident while driving a 2003 Mack Heavy Truck on Interstate 95. The truck was owned by Weekly's previous employer.

54. A reasonable and ordinarily prudent carrier in the position of Bohren Logistics, Inc. would have investigated and learned of Weekly's past driving history prior to hiring him or allowing him to operate the Tractor on the public roadways.

55. A reasonable and ordinarily prudent carrier in the position of Bohren Logistics, Inc. would not have hired Weekly and allowed him to operate or control the Tractor on the public roadways.

56. Indeed, under 49 C.F.R. § 391.23, Bohren was required to investigate Weekly's past driving and employment history prior to hiring him and allowing him to operate the Tractor.

57. Furthermore, Bohren was required to conduct ongoing annual reviews thereafter. 49 C.F.R. § 391.25.

58. Under 49 C.F.R. § 391.11, carriers must not permit persons, such as Weekly, to operate any commercial motor vehicle if the driver is not qualified to do so.

59. These regulations were enacted for the benefit of all other persons who operate vehicles on the public roadways, including the Pals Family, to protect them from injury and harm.

60. Bohren's negligent decision to permit Weekly to operate a commercial motor vehicle proximately caused the wrongful death of the Pals Family.

61. Under Neb. Rev. Stat. § 30-809, Plaintiff Kathrynn Pals, in her capacity as personal representative of the Estates of Jamison and Ezra Pals, is entitled to recover for the next-of-kin of Jamison and Ezra Pals the value of the pecuniary loss suffered as a result of Bohren's negligent hiring practices, including funeral expenses, lost financial support, and the pecuniary value of lost services, advice, comfort, society, and companionship.

62. Under Neb. Rev. Stat. § 30-809, Plaintiff Gordon Engels, in his capacity as personal representative of the Estates of Kathryne, Violet, and Calvin Pals, is entitled to recover for the next-of-kin of Kathryne, Violet, and Calvin Pals the value of the pecuniary loss suffered as a result of Bohren's negligent hiring practices, including funeral expenses, lost financial support, and the pecuniary value of lost services, advice, comfort, society, and companionship.

63. Bohren's negligent decision to permit Weekly to operate a commercial motor vehicle proximately and directly caused the Pals Family pain and suffering, as well as fear and apprehension of impending death as described above.

64. Under Neb. Rev. Stat. § 25-1401, Plaintiff Kathrynn Pals, in her capacity as personal representative of the Estates of Jamison and Ezra Pals, is entitled to recover for the respective Estates of Jamison and Ezra Pals damages for the personal injuries to

Jamison and Ezra Pals proximately caused by Defendant Bohren's negligent hiring of Weekly.

65. Under Neb. Rev. Stat. § 25-1401, Plaintiff Gordon Engels, in his capacity as personal representative of the Estates of Kathryne, Violet, and Calvin Pals, is entitled to recover for the respective Estates of Kathryne, Violet, and Calvin Pals damages for the personal injuries to Kathryne, Violet, and Calvin Pals proximately caused by Defendant Bohren's negligent hiring of Weekly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment in excess of $75,000 in favor of Plaintiffs, as personal representatives of the Estates of the respective members of the Pals Family, and otherwise order relief as follows:

1. Awarding damages to the next-of-kin for reasonable funeral and burial expenses;

2. Awarding damages to compensate the next-of-kin for the pecuniary value of lost services, advice, comfort, society, counsel, guidance, aid, assistance, protection and companionship;

3. Awarding damages to compensate the next-of-kin for lost financial support, including loss of income, wages, benefits, and inheritance;

4. Awarding damages to compensate the Estates of the Pals Family for pain and suffering, including fear and apprehension of impending death;

5. Awarding Plaintiffs all pre-verdict, pre-judgment, and post-judgment interest allowed by law;

6. Awarding Plaintiffs all reasonable costs and expenses of this litigation; and

7. For such other relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in this action.

## REQUEST FOR TRIAL IN OMAHA, NEBRASKA

Pursuant to Rule 40.1(b), Plaintiffs, by and through their counsel of record, hereby request that the trial of the above-captioned case take place in Omaha, Nebraska.

DATED this 25th day of January, 2017.

        KATHRYNN PALS, as personal representative of the Estate of JAMISON B. PALS and personal representative of the Estate of EZRA A. PALS, and GORDON ENGEL, as personal representative of the Estate of KATHRYNE L. PALS, personal representative of the Estate of VIOLET J. PALS, and personal representative of the Estate of CALVIN B. PALS, Plaintiffs

By: */s/ Thomas A. Grennan*
Thomas A. Grennan #15675
GROSS & WELCH, PC LLO
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE  68124
(402) 392-1500
tgrennan@grosswelch.com

and

Eric A. O. Ruzicka (MN #0313373)
  (application *pro hac vice* forthcoming)
George G. Eck (MN #0025501)
  (application *pro hac vice* forthcoming)
Michael D. Stinson (MN #0392482)
  (application *pro hac vice* forthcoming)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 340-2600
ruzicka.eric@dorsey.com
*Attorneys for Plaintiffs*

1346-9/6BK1052