IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHRYNN PALS, as personal representative of the Estate of Jamison B. Pals and personal representative of the Estate of Ezra A. Pals; and GORDON ENGEL, as personal representative of the Estate of Kathryne L. Pals, personal representative of the Estate of Violet J. Pals, and personal representative of the Estate of Calvin B. Pals;<br><br>Plaintiffs,<br><br>vs.<br><br>TONY WEEKLY JR., BOHREN LOGISTICS, INC., INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER, INC.,<br><br>Defendants. | 8:17CV27<br><br>ORDER |

This matter is before the Court upon the Motion to Transfer Trial Venue. ([Filing No. 15](#).) For the reasons explained below, the motion will be denied.

**BACKGROUND**

This case arises out of a motor vehicle accident which occurred near Brule, Nebraska. ([Filing No. 1](#).) Jamison, Kathryne, Ezra, Violet and Calvin Pals were all killed when their family van was struck by a semi-truck operated by Defendant Tony Weekly, Jr. ("Weekly"). Plaintiffs, the decedents' personal representatives, brought suit against Weekly, and his employer, Bohren Logistics, Inc. ("Bohren"), on January 25, 2017. Plaintiffs filed an Amended Complaint on April 5, 2017, naming D.P. Sawyer, Inc. ("D.P. Sawyer") and Interstate Highway Construction, Inc. ("IHC") as additional defendants. ([Filing No. 19](#).) The Amended Complaint alleges that IHC was the general contractor for the Interstate 80 roadway construction project which was underway at the time the accident in question occurred. D.P. Sawyer was allegedly IHC's subcontractor, and performed traffic control work for the project. D.P. Sawyer and IHC were

served in April, 2017, and have not filed an answer as of today's date. However, D.P. Sawyer has filed a motion to strike certain portions of the Amended Complaint. (Filing No. 29.)

## DISCUSSION

Plaintiffs, who are from Minnesota, selected Omaha, Nebraska as their choice of trial venue. Defendants Bohren and Weekly (collectively referred to herein as the "Moving Defendants") request that the place of trial be changed to North Platte, Nebraska. Moving Defendants assert that North Platte is the appropriate venue because North Platte is significantly closer to the site of the accident at issue in this case. They maintain that North Platte would be a more convenient forum for many witnesses, including the law enforcement and emergency personnel who were on the scene of the accident.

In deciding the place of trial, the Court must consider "the convenience of the litigants, witnesses, and attorneys." NECivR 40.1. "The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted." *Aumann Auctions, Inc. v. Phillips*, No. 8:07CV431, 2008 WL 687056, *2 (D. Neb. Mar. 10, 2008) (citing NECivR 40.1). "The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *Id*. "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." *Id*.

The Court is not convinced that North Platte would be a more convenient forum for the parties in this case. The parties are located in multiple states. Plaintiffs reside in Minnesota. Weekly is from Florida. Bohren is incorporated in Indiana. IHC allegedly has its principal place of business in Colorado, and D.P. Sawyer's alleged principal place of business is in Lincoln, Nebraska. Interestingly, Moving Defendants are actually located closer to Omaha than North Platte.

Moreover, although North Platte could be a more convenient forum for some law enforcement personnel and emergency responders, it is not clear that these witnesses' testimony

will be necessary in this case. Moving Defendants have already admitted that "Defendant [Weekly] was negligent and his negligence was a proximate cause of the accident and that his negligence is imputed to Bohren." ([Filing No. 14 at CM/ECF p. 4](#).) In fact, it is probable that Omaha, especially given its airport, would be more convenient for other witnesses, including decedents' surviving family members, individuals from Defendant D.P. Sawyer, and testifying experts who could be traveling from out of state.

Plaintiffs have counsel in Omaha and Minnesota. Counsel for Defendant D.P. Sawyer is located in Omaha. Counsel for Moving Defendants is in North Platte. The convenience of Moving Defendants' counsel does not tip the scale in favor of holding trial in North Platte.

The Court finds, upon consideration of all factors pursuant to NECivR [40.1](#), that Moving Defendants' request to move the place of trial to North Platte should be denied.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Transfer Trial Venue ([Filing No. 15](#)) is denied.

Dated this 8th day of May, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge