IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHRYNN PALS, as personal representative of the Estate of Jamison B. Pals and personal representative of the Estate of Ezra A. Pals; and GORDON ENGEL, as personal representative of the Estate of Kathryne L. Pals, personal representative of the Estate of Violet J. Pals, and personal representative of the Estate of Calvin B. Pals;<br><br>            Plaintiffs,<br><br>   vs.<br><br>TONY WEEKLY JR., BOHREN LOGISTICS, INC., INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER, INC.,<br><br>            Defendants. | 8:17CV27<br><br>ORDER |

      This matter is before the Court on Defendant D.P. Sawyer, Inc.'s ("Defendant") Motion to Strike. (Filing No. 29.) Specifically, Defendant requests that the Court strike paragraphs 79-85, 88-92, and 96-98 of Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). (Filing No. 19.) For the reasons set forth below, the motion will be denied.

**DISCUSSION**

      This case arises out of a motor-vehicle accident which resulted in the deaths of Jamison and Kathryne Pals, and their three children. Plaintiffs contend that Defendant is liable for the wrongful deaths of the Pals family because Defendant failed to provide "warning signage consistent with the [Manual on Uniform Traffic Control Devices] and consistent with applicable industry standards for the purpose of protecting the driving public." (Filing No. 19.)

      Defendant maintains that certain paragraphs of Plaintiff's Amended Complaint should be stricken pursuant to Federal Rule of Civil Procedure 12(f). Defendant argues that these

paragraphs are evidentiary in nature, not necessary to give Defendant "fair notice" of the claims against it, and violate Federal Rule of Civil Procedure 8's requirement that allegations in a pleading be simple, concise, and direct. Defendant contends that these paragraphs are prejudicial because Defendant must choose between admitting irrelevant evidence and denying allegations at the risk of sanctions under Federal Rule of Civil Procedure 11.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion in ruling on motions under Rule 12(f). *BJC Health Systems v. Columbia Casualty Company*, 478 F.3d 908, 917 (8th Cir. 2007). However, the Eighth Circuit Court of Appeals has found that "[d]espite this broad discretion . . . striking a party's pleadings is an extreme measure" and, thus, such motions are "viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quotation omitted). Therefore, "even matters that are not strictly relevant to the principal claim at issue should not necessarily be stricken, if they provide important context and background to claims asserted or are relevant to some object of the pleader's suit." *Holt v. Quality Egg, LLC*, 777 F. Supp.2d 1160, 1069 (N.D. Iowa 2011) (internal quotations omitted). Generally, "[t]o prevail on a motion to strike text from the complaint, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant." *Super 8 Worldwide, Inc. v. Riro, Inc.*, No. 8:11CV319, 2011 WL 5827801, *2 (D. Neb. Nov. 18, 2011) (quotation omitted).

Defendant has not shown that the challenged allegations have no bearing on the subject matter of this litigation or are otherwise redundant or scandalous. The assertions contained in the paragraphs that Defendant requests be stricken are seemingly relevant to the elements of Plaintiffs' negligence claim. In summary, these paragraphs (1) discuss and quote portions of the Manual on Uniform Traffic Control Devices ("MUTCD"); (2) discuss crash data for the construction zone at issue in the accident; and/or (3) make accident causation assertions based on the absence of certain signs in the construction zone. The paragraphs discussing and quoting the MUTCD and crash data are apparently aimed at defining Defendant's duty of care and

Defendant's alleged failure to meet this burden. Likewise, paragraphs 96 and 97, which discuss the absence of signage, seem to be directed towards the issue of causation.

Moreover, the Court is not convinced that Defendant would be prejudiced by responding to these allegations. Although Defendant maintains that it faces a "Hobson's choice" between admitting irrelevant evidence and risking Rule 11 sanctions, Defendant has not shown that it would actually be burdened by attempting to respond to the allegations. In fact, all other defendants in this action have submitted answers to the Amended Complaint. ([Filing No. 32](); [Filing No. 33]().) Given the circumstances presented here, and courts' general disfavor of motions to strike, Defendant's motion will be denied.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike ([Filing No. 29]()) is denied. Defendant shall submit an answer to the Amended Complaint no later than July 21, 2017.

Dated this 7th day of July, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge
