IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHRYNN PALS, as personal representative of the Estate of JAMISON B. PALS and personal representative of the Estate of EZRA A. PALS, and GORDON ENGEL, as personal representative of the Estate of KATHRYNE L. PALS, personal representative of the Estate of VIOLET J. PALS, and personal representative of the Estate of CALVIN B. PALS, | ) ) ) ) ) ) ) ) ) ) | Case No.: 8:17:CV-00027 |
| Plaintiffs, | ) ) ) | **PROTECTIVE ORDER** |
| v. | ) ) | |
| TONY WEEKLY JR.; BOHREN LOGISTICS, INC.; INTERSTATE HIGHWAY CONSTRUCTION, INC.; and D.P. SAWYER, INC., | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on the Stipulation and Joint Motion for Entry of Stipulated Protective Order. ([Filing No. 73](#).) The motion is granted.

Accordingly,

**IT IS ORDERED** as follows:

1. As used in this Protective Order, these terms have the following meanings:

    a. "Attorneys" means counsel of record;

    b. "Confidential" information or documents are documents of a confidential nature such that their use should be limited to only this case. Information or documents to be designated as Confidential include:

i) personal notes and pictures of the Pals Family; or

c.  ii) certain of the confidential investigative files of the Keith County Attorneys' Office that are not public information that have not been obtained through a subpoena or public records request;

d. "Highly Confidential" is a designation for information or documents that are "Confidential" but are also so particularly sensitive that such information or documents should not be made public. Information or documents to be designated as Highly Confidential include:

   i)   pictures of the victims at the accident scene because of the graphic content and/or disturbing nature of the information or documents;

   ii) certain information from the accident reports that is highly sensitive about the victims because of the graphic content and/or disturbing nature of the information or documents;

   iii) medical records; and

   iv) documents produced by the Nebraska Department of Roads, which it or the Nebraska Attorney General's Office specifies contain proprietary or confidential information that should not be distributed to the public.

   v) The parties also agree that proprietary business information produced by the parties in this case that could cause competitive or financial harm if disclosed to the public can be designated as Highly Confidential.

e. "Documents" or "documents" are all materials or tangible things within the scope of Federal Rule of Civil Procedure 34;

  f. "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

  g. "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A party in this case may designate information and documents as "Confidential," as defined above.

3. A party in this case or the Nebraska Department of Roads and Nebraska Attorney General's Office (pursuant to 1(d)(iv) above) may designate information and documents as "Highly Confidential," as defined above.

4. A party in receipt of Confidential and Highly Confidential information and documents, along with the information contained in the documents, shall use such information solely for the purpose of this action arising from the tragic July 31, 2016, accident that resulted in the deaths of the Pals Family.

5. No person receiving Highly Confidential information or documents, along with the information contained in the documents, shall directly or indirectly, use, transfer, disclose, or communicate in any way the information or documents or their contents to any person other than those specified in paragraph 6. Any other disclosure is prohibited.

6. Access to any Confidential information and document shall be limited to:

  a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

  b. Outside experts or consultants retained by outside counsel for purposes of this action;

c.  Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.  The Court and court personnel;

e.  Any deponent may be shown or examined on any information, document or thing designated Confidential. Any Deponent may also be shown or examined on any information or documents designated as Highly Confidential subject to the terms of paragraph 7;

f.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.  The parties.

7.  Each person appropriately designated pursuant to paragraphs 6(b), 6(e) and 6(f) above that receives Highly Confidential information or documents shall execute a "Written Assurance" in the form attached as Exhibit A before and as a precondition of receiving Highly Confidential information or documents.

8.  All depositions or portions of depositions taken in this action that contain Confidential Information, as defined above, may be designated "Confidential" or "Highly Confidential" and thereby obtain the protections of this Protective Order. Confidential or Highly

Confidential designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, portions of depositions relating to information designated "Highly Confidential" shall be treated as "Highly Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Highly Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any party who inadvertently fails to identify information or documents as "Confidential" or "Highly Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such documents that were erroneously not marked "Highly Confidential" shall retrieve such documents and substitute them with the appropriately designated documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

10. If a party files a document containing Highly Confidential information with the Court, it shall do so by filing the document under seal pursuant to the procedures and policies governing electronic filing and service. Prior to disclosure at trial or a hearing of materials or information designated "Highly Confidential," the parties may seek further protections against public disclosure from the Court.

11. Any party may request a change in the designation of any information or document designated "Confidential" or "Highly Confidential." The parties shall promptly meet and confer in an attempt to resolve the challenged designation. If the requested change in designation is not agreed to, any party may move the Court for appropriate relief. The party asserting that the

material should be subject to Confidential or Highly Confidential protections shall have the burden of proving that the information in question should be protected from disclosure or use as set forth herein. If the designating party does not voluntarily de-designate Confidential of Highly Confidential information or documents after the meet and confer and a motion to de-designate is brought, then the Court may award the prevailing party or parties their costs and attorney fees for making or opposing the motion with the Court upon a finding that the designating party had no objective basis for designating the document as it did under this Protective Order or upon a finding that the moving party had no objective basis for seeking to de-designate the document under this Protective Order.

12. The parties agree that any inadvertent disclosure or inadvertent production of privileged information or documents will not necessarily constitute a waiver of privilege. The party or parties that receive inadvertently disclosed or produced privileged information or documents agree to promptly notify the producing party, and, upon the request of the producing party, to return it to the producing party and/or destroy all copies of such information or documents, and agree not to use the information or documents for any purpose or provide the information or documents to any person or entity, except if such disclosure to the Court under seal or in camera is needed to resolve a dispute as to inadvertence of the production or waiver of privilege under this provision of the Protective Order.

13. Within 60 days of the termination of this action by entry of a final, non-appealable judgment, each party shall destroy all documents designated by another party or non-party as "Confidential" or "Highly Confidential" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to

such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all expert reports, documents filed with the Court, and all correspondence generated in connection with the action.

14. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent any person with standing from seeking such further provisions enhancing or limiting the protections already afforded under this Protective Order as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability, relevance, or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

**IT IS SO ORDERED.**

Dated November 15, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares subject to the penalties of perjury that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in the action *Pals, et al.. v. Weekly, et al.*, Case No. 8:17-cv-00027 pending in the United States District Court for the District of Nebraska. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not use, copy, or divulge any information or documents, or copies of documents, designated "Confidential" or "Highly Confidential" obtained pursuant to such Protective Order, or the contents of such documents, other than as permitted by the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any and all information or documents in my possession, custody, or control designated "Confidential" or "Highly Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____          _____
        (Date)               (Signature)