IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHRYNN PALS, as personal representative of the Estate of Jamison B. Pals and personal representative of the Estate of Ezra A. Pals; and GORDON ENGEL, as personal representative of the Estate of Kathryne L. Pals, personal representative of the Estate of Violet J. Pals, and personal representative of the Estate of Calvin B. Pals; | **8:17CV27** |
| Plaintiffs, | **ORDER** |
| vs. | |
| TONY WEEKLYJR., BOHREN LOGISTICS, INC., INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER, INC., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion to Compel and for Sanctions Against Defendant Interstate Highway Construction, Inc. (Filing No. 80) and the Motion to Bifurcate (Filing No. 105). For the reasons explained below, Plaintiffs' Motion to Compel and for Sanctions will be granted, in part. The Motion to Bifurcate will be denied without prejudice to reassertion at a later date.


**BACKGROUND**


Plaintiffs served their First Set of Requests for Production of Documents upon Defendant Interstate Highway Construction, Inc. ("Defendant") on June 7, 2017. In October, 2017, Plaintiffs' counsel contacted the Court to schedule a telephonic conference regarding Defendant's discovery responses. Plaintiffs sought to compel Defendant to produce responsive documents and data from its email systems and other data sources, including text messages.

The Court held a telephone conference with counsel on November 6, 2017. During the conference, there was discussion regarding the lack of internal correspondence produced by Defendant. At that time, Defendant's counsel represented that Defendant had produced all external and internal emails, and that no other responsive documents had been located. With this representation, the Court indicated that it could not order Defendant to produce documents that do not exist. The Court cautioned, however, that if it was determined that Defendant was withholding documents, Defendant would be subject to sanctions. Accordingly, the Court ordered, in part, that: (1) Plaintiffs could conduct a Federal Rule of Civil Procedure 30(b)(6) deposition regarding document production and preservation issues; (2) Defendant correspond with employees who worked on the Big Springs – Brule Construction Project (the "Project") to determine whether the employees have any pictures or writings relevant to the Project or accident at issue in this litigation, and that if employees had such information, that it be produced; and (3) Plaintiffs specify any items Plaintiffs believe Defendant had not produced. (Filing No. 72.)

On November 17, 2017, Plaintiffs' counsel noticed the Rule 30(b)(6) deposition regarding document preservation and collection. The deposition was scheduled for December 20, 2017, in Denver, Colorado. On December 15, 2017, Defendant's counsel disclosed that Defendant had discovered thousands of pages of responsive documents while preparing for the Rule 30(b)(6) deposition. The categories of documents located included those that Defendant had previously represented had been fully produced. Counsel agreed to continue the Rule 30(b)(6) depositions in light of these responsive documents.

On December 18, 2017, Plaintiffs' counsel contacted the Court to provide an update regarding document production. In response, the Court authorized Plaintiffs to file a formal motion to compel. The motion was filed on December 22, 2017. (Filing No. 80.)

**DISCUSSION**

**1.      Plaintiffs' Motion to Compel and for Sanctions**

Plaintiffs request that the Court (1) compel Defendant to preserve and produce its complete project file, all correspondence, emails, and text messages related to the accident, as well as all correspondence, emails, and text messages related to the Project; (2) order Defendant to supplement its responses to Interrogatory Nos. 6, 8, 9, 12, and 16-19; (3) renew its order authorizing Plaintiffs to take a Rule 30(b)(6) deposition of Defendant regarding document preservation, collection, and spoliation, and order that the deposition take place in Minneapolis, Minnesota at Defendant's expense; and (4) impose sanctions against Defendant and its counsel to reimburse Plaintiffs' attorneys' fees and costs related to Plaintiffs' effort to obtain responsive documents.

Defendant contends that it has complied with Plaintiffs' request that it produce the project file, all correspondence, emails, and text messages related to the accident at issue in this litigation, as well as all correspondence, emails, and text messages related to the Project. Defendant asserts that it has produced approximately 65,696 pages of responsive documents. Defendant further maintains that it previously supplemented its responses to Interrogatory Nos. 6, 8, 9, 12, and 16-19.

The Court will take Defendant's counsel at his word that all documents responsive to Plaintiffs' request for the project file and related documents have now been produced. The Court warns, however, that should this representation prove to be false, sanctions will be imposed.

Plaintiffs contend that Defendant's supplemental responses to Interrogatory Nos. 6, 8, 9, 12, and 16-19 remain deficient, partially because the supplemental responses only generally refer Plaintiffs to Defendant's entire document production. Defendant must supplement its interrogatory responses to provide full and complete responses, and to indicate with particularity (preferably by bates number), where responsive information is located. Defendant shall do so within ten (10) days of this Order.

Plaintiffs have also requested that Defendant re-bates number and produce documents again. The Court will not grant this relief.

The Court will, however, impose sanctions against Defendant for its seeming disregard of its discovery obligations. Parties have "an affirmative duty to conduct pretrial discovery in a responsible manner." *St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.,* 198 F.R.D. 508, 515 (N.D. Iowa 2000). *See* Fed. R. Civ. P. 26; Fed. R. Civ. P. 37. Defendant's counsel previously advised both Plaintiffs and the Court that certain responsive documents did not exist. Following this representation, and less than a week in advance of the Rule 30(b)(6) deposition, Defendant inexplicably located thousands of pages of responsive documents. Other than referring to this oversight as a mistake, Defendant has offered no explanation or justification for why these documents were not timely located and produced. Defendant's failure to promptly locate and produce responsive materials has needlessly increased litigation costs. Plaintiffs' ongoing concerns regarding Defendant's document production even led to Plaintiffs' request to hold a Rule 30(b)(6) deposition regarding Defendant's document production and preservation. Thus, the Court will order Defendant to pay Plaintiffs' reasonable expenses incurred in preparing the instant Motion to Compel and for Sanctions. Additionally, Defendant will be ordered to bear the reasonable costs associated with the Rule 30(b)(6) deposition pertaining to document collection and preservation, which may be taken in Minneapolis, Minnesota per Plaintiffs' request.

## 2. Motion to Bifurcate

Defendants have moved the Court to bifurcate and separately try the issues of liability and damages. At this stage in the litigation, it is too early to determine whether this relief is necessary or appropriate. Therefore, the Motion to Bifurcate will be denied without prejudice to reassertion at a later date.

Accordingly,

**IT IS ORDERED:**

1.     Plaintiffs' Motion to Compel and for Sanctions Against Defendant Interstate Highway Construction, Inc. (Filing No. 80) is granted, in part, as set forth above.  Defendant shall supplement its discovery responses as ordered herein within ten (10) days.  In the event timely and complete responses are not provided, the Court may consider the imposition of additional sanctions.

2.     By May 31, 2018, Plaintiffs shall file a motion seeking an award of expenses and fees.  Plaintiffs must submit an itemization of expenses incurred in connection with preparing the Motion to Compel and for Sanctions.  Plaintiffs are advised that for a proper award, expenses must be reasonable and itemized with specificity.

3.     Defendant shall bear the reasonable costs of the Rule 30(b)(6) deposition concerning document production and preservation.  The deposition may be taken in Minneapolis, Minnesota.

4.     The Motion to Bifurcate (Filing No. 105) is denied without prejudice to reassertion at a later date.

Dated this 17th day of May, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge