IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHRYNN PALS, as personal representative of the Estate of Jamison B. Pals and personal representative of the Estate of Ezra A. Pals; and GORDON ENGEL, as personal representative of the Estate of Kathryne L. Pals, personal representative of the Estate of Violet J. Pals, and personal representative of the Estate of Calvin B. Pals;<br><br>                      Plaintiffs,<br><br>    vs.<br><br>TONY WEEKLYJR., BOHREN LOGISTICS, INC., INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER, INC.,<br><br>                      Defendants. | 8:17CV27<br><br>ORDER |

This matter is before the Court on Plaintiffs' Motion for Fees and Expenses ([Filing No. 151](#)). For the reasons explained below, Plaintiffs' motion will be granted, in part.

## DISCUSSION

On May 17, 2018, the Court ordered Defendant Interstate Highway Construction, Inc. ("IHC") to pay "Plaintiffs' reasonable expenses incurred in preparing" Plaintiffs' Motion to Compel and for Sanctions. ([Filing No. 148](#); [Filing No. 80](#)). The Court further ordered that IHC bear the reasonable costs associated with a Federal Rule of Civil Procedure 30(b)(6) deposition. The Court directed Plaintiffs to file a motion seeking an award of expenses and fees and to submit an itemization of expenses to allow the Court to assess the proper amount to be paid by IHC. Plaintiffs complied with the Court's order by filing the instant motion seeking an award of $48,929.54.

The Court uses the lodestar method of multiplying the number of hours billed by the reasonable hourly rate to determine the fee amount. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The Court may use its own knowledge of prevailing market rates to determine a reasonable hourly rate. *Hanig v. Lee,* 415 F.3d 822, 825 (8th Cir. 2005). "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Fish*, 295 F.3d 851.

The Court has reviewed Plaintiffs' itemization of costs. (Filing No. 153). The Court concludes that the hourly rate for Plaintiffs' counsel and paralegal is not within the reasonable and customary range for services performed given the nature of the case, the local rates of pay, and the experience of counsel. Plaintiffs seek an hourly rate of $405.00 for their attorney, and $280.00 for their paralegal.[1] Plaintiffs did not submit an affidavit regarding the ordinary and customary hourly rates for attorneys and paralegals in this area.[2] However, based on the Court's knowledge of customary hourly rates in this area, and other orders from this District, the Court cannot find the hourly rates requested by Plaintiffs reasonable. *See Sepulveda-Rodriguez v. Metropolitan Life Insurance Co.,* 8:16CV507, 2018 WL 1640595, at *7-8 (D. Neb. Apr. 5, 2018); *Birge v. Brumbaugh & Quandahl*, P.C., LLO, 2014 WL 688966 (D. Neb. Feb. 20, 2014); *Diehm v. City of Omaha*, No. 8:04CV130, 2006 WL 753192, at *2 (D. Neb. March 22, 2006); *New Hope Fellowship, Inc. v. City of Omaha*, No. 8:04CV259, 2006 WL 1479030, at *3-4 (D. Neb. May 17, 2006). Therefore, based on the Court's knowledge of reasonable and customary rates in this area, the hourly rate of Plaintiffs' attorney, Michael Stinson, will be reduced to $300.00, and the hourly rate of Plaintiffs' paralegal, Mary Jo Stark, will be reduced to $150.00.

In addition, the Court finds that the itemization submitted by Plaintiffs includes time for work performed that is outside the scope of the Court's order awarding sanctions. The Court ordered on May 17, 2018 that Plaintiffs were entitled to fees incurred "*in preparing*" Plaintiffs' Motion to Compel and for Sanctions. As counsel is aware, this Court requires that parties contact

---

[1] Plaintiffs request hourly rates of $375 for their counsel and $270 for their paralegal for a portion of these professionals' time.

[2] IHC's counsel did submit an affidavit regarding ordinary and customary rates. However, the affidavit was based upon what Defendant's counsel would charge.

the Court prior to filing a motion to compel. (Filing No. 61.) Plaintiffs contacted the Court regarding the discovery dispute and were granted leave by the Court to file a motion to compel on December 18, 2017. Therefore, Plaintiffs are not entitled to expenses incurred prior to that date. The Court finds that the total amount of expenses incurred in preparing the Motion to Compel and for Sanctions in the timeframe set out above totals $10,275.00.

The request submitted as it pertains to an award of fees for the Federal Rule of Civil Procedure 30(b)(6) is also overly broad. The parties scheduled a Rule 30(b)(6) deposition, but the deposition was continued due to IHC's production of additional documents. The intent of the Court in its May 17, 2018 order was to sanction IHC for the postponement of that deposition due to the untimely document production. Thus, based on the Court's May 17 ruling, Plaintiffs will be awarded Rule 30(b)(6) deposition costs incurred following the filing of the Motion to Compel and for Sanctions. The itemization of fees submitted by Plaintiffs reflects that this amount is $7,550.04.

Based on the calculations set forth above, Plaintiffs are entitled to an award totaling $17,825.04.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion for Fees and Expenses (Filing No. 151) is granted, in part.

2. Defendant IHC shall pay Plaintiffs $17,825.04. Such payment shall be made upon the conclusion of this litigation.

Dated this 7th day of December, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge