IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHRYNN PALS, as personal representative of the Estate of Jamison B. Pals and personal representative of the Estate of Ezra A. Pals; and GORDON ENGEL, as personal representative of the Estate of Kathryne L. Pals, personal representative of the Estate of Violet J. Pals, and personal representative of the Estate of Calvin B. Pals;<br><br>Plaintiffs,<br><br>vs.<br><br>TONY WEEKLYJR., BOHREN LOGISTICS, INC., INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER, INC.,<br><br>Defendants. | 8:17CV27<br><br>THIRD AMENDED FINAL PROGRESSION ORDER |
| JUAN PAUBLO VELEZ, MARTINIANA VELEZ, and PAOLA VELEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>BOHREN LOGISTICS, INC., TONY WEEKLYJR., INTERSTATE HIGHWAY CONSTRUCTION INC, and D.P. SAWYER INC,<br><br>Defendants. | 8:17CV175<br><br>ORDER |

This matter is before the Court on the Defendants' Motions to Alter Trial Date (Case No. 17cv27, Filing No. 270; Case No. 17cv175, Filing No. 195) and Defendant D.P. Sawyer's Joinder in the motion (Case No. 17cv27, Filing No. 275; Case No. 17cv175, Filing No. 200). Plaintiffs oppose the motions.

In light of the current status of this litigation, Defendants' motions are granted. The Court finds good cause to amend the scheduling order in this litigation. Plaintiffs have filed a motion for dispositive sanctions which remains pending before the Court. This motion will not be ripe for ruling until May 10, 2019. After the resolution of this motion, other previously-filed motions will be reasserted. Given the pending motion and the potential for additional, extensive motion practice, there simply is not enough time for the Court to rule on these motions and keep the August 20, 2019 trial date.

The trial of this matter is scheduled for fourteen days. A trial of this length complicates the Court's calendar. Therefore, the provisions of the Court's earlier Final Progression Orders will remain in effect, and in addition to those provisions, progression of these consolidated actions is as follows:

1. **Pretrial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

    a. **Nonexpert Witnesses - On or before December 31, 2019:** The name, address and telephone number[1] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    b. **Deposition Testimony and Discovery** - The designation of discovery testimony and discovery responses intended to be utilized at trial is not required at this time.

    c. **Trial Exhibits - On or before December 31, 2019:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

---

[1] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or ***documents filed with the Court***, redact Social Security numbers, home addresses, telephone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties. *See* NECivR 5.3.

    d. **Waiver of Objections.** Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the Court for good cause shown.

2. **Motions in Limine.**
    a. Any motions in limine other than those challenging admissibility of expert testimony shall be filed on or before **January 21, 2020**.

3.    The **Final Pretrial Conference** with the assigned magistrate judge is set for **January 28, 2020, at 10:00 a.m.** in chambers, 111 South 18th Plaza, Suite 2271, Roman L. Hruska United States Courthouse, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. If any of the parties would prefer to appear via Internet/Teleconferencing for the pretrial conference, please email chambers at bazis@ned.uscourts.gov, copying all parties. A separate order will be entered with Internet/Teleconferencing instructions. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[2] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

4. **Mediation and Settlement:**

    a. If the parties intend to mediate their dispute, **notice of the mediation** shall be given to the staff of the assigned magistrate judge's office. The filing of a

---

[2] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk. *See* NECivR 5.3.

mediation reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

b. Not later than **two weeks prior to trial**, plaintiff or plaintiff's counsel shall serve on Defendant or Defendant's counsel a written, updated settlement proposal. Defendant or Defendant's counsel shall respond in writing to such proposal not later than one week before trial.

c. **Notice of settlement** shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may – and normally will – be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

5. **A 14-day jury trial** is set to commence, at the Court's call, during the week of **February 18, 2020**, at **9:00 a.m.** in **Omaha**, Nebraska, before the **Honorable Laurie Smith Camp**, Chief United States District Court Judge. Unless otherwise ordered, jury selection shall be at the commencement of trial.

6. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

**IT IS SO ORDERED.**

Dated this 6th day of May, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge