IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHRYNN PALS, et al.;<br><br>Plaintiffs,<br><br>vs.<br><br>TONY WEEKLYJR., BOHREN LOGISTICS, INC., INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER, INC.,<br><br>Defendants. | MEMORANDUM<br>AND ORDER<br><br>8:17CV27 |
| JUAN PAUBLO VELEZ, MARTINIANA VELEZ, and PAOLA VELEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>BOHREN LOGISTICS, INC., TONY WEEKLYJR., INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER INC,<br><br>Defendants. | 8:17CV175 |

This matter is before the Court on the Motion to Reinstate, ECF No. 279,[1] and Joinder to Motion to Strike, ECF No. 290, filed by Defendant D.P. Sawyer, Inc. (Sawyer); the Motion to Reinstate filed by Plaintiffs Kathrynn Pals and Gordon Engel, ECF No. 280; and the Motion to Reinstate, ECF No. 282, and Motion to Strike, ECF No. 289, filed by Interstate Highway Construction, Inc. (IHC).

---

[1] ECF Filing Number references are to Case No. 8:17cv27.

On April 2, 2019, this Court terminated all pending motions, without prejudice to reassertion, because the parties intended to mediate. ECF No. 260. Following the unsuccessful mediation, the Court reinstated Plaintiffs' Motion for Dispositive Sanctions, or in the alternative, for Sanctions to Compel Discovery against IHC, ECF No. 256. In the interest of judicial economy, the Court denied Defendant Sawyer's Motion to Reinstate without prejudice to reassertion "[w]ithin 14 days of the Magistrate Judge's order on Plaintiffs' Motion for Sanctions." Order, ECF No. 264.

On June 28, 2019, the Court granted, in part, Plaintiffs' Motion for Dispositive Sanctions or, in the alternative, for Sanctions and to Compel Discovery against IHC. Order, ECF No. 278. The Court gave "Plaintiffs leave to supplement the summary judgment record with the safety checklists" and "leave to depose IHC's IT Support Manager." *Id.* The Court also ordered IHC to "bear the reasonable cost of an independent forensic examination of its servers and electronic data," and to "produce the entirety of the project file contained on its back-up server." *Id.*

On July 1, 2019, Defendant Sawyer filed a Motion to Reinstate its Motion for Summary Judgment, Motion in Limine, Motion to Strike, and Motion to Bifurcate in Case No. 8:17cv27.[2] ECF No. 279. IHC also filed a Motion to Reinstate its Motion for Summary Judgment in Case No. 8:17cv27. ECF No. 282. On July 17, 2019, Plaintiffs Kathrynn Pals and Gordon Engel filed a Response to the Motions to Reinstate requesting that, if the Court reinstates Sawyer and IHC's summary judgment motions, the Court "make clear that the record is not yet complete and that Plaintiffs are entitled to supplement the record after the completion of the additional discovery previously directed by the Court" in ECF

---

[2] On June 28, 2019, the Velez family dismissed their claims against Defendants Sawyer and IHC and Sawyer and IHC were dismissed from Case No. 8:17-cv-00175. ECF No. 277.

No. 278. ECF No. 283. Pals and Engel further requested the Court direct the parties to "meet and confer regarding a proposed schedule for (1) Plaintiffs' additional discovery and (2) Plaintiffs' supplementation of the summary judgment records." *Id.* Sawyer argues Plaintiffs should not be allowed to supplement the record with respect to Sawyer's Motion for Summary Judgment because the Order on Plaintiffs' Motion for Sanctions was not directed towards Sawyer and the safety checklists referenced are IHC's records, not Sawyer's records. Sawyer Reply, ECF No. 284.

On September 30, 2019, Plaintiffs Pals and Engel filed a Memorandum Supplementing the Summary Judgment Records and Index. ECF Nos. 286 & 287. IHC filed a Motion to Strike Plaintiffs' Memorandum arguing it was premature because the Court had not yet reinstated the Motions for Summary Judgment and in the alternative requested the opportunity to respond. ECF No. 289. Sawyer joined in IHC's Motion to Strike. ECF No. 290. Sawyer and IHC requested leave to file a reply to Plaintiffs' Memorandum Supplementing the Summary Judgment Records. ECF Nos. 294 & 297. Leave was granted, ECF Nos. 295 & 298, and Sawyer and IHC filed reply briefs, ECF Nos. 296 & 299.

Despite ongoing discovery disputes,[3] it appears Plaintiffs wish to proceed on the resolution of the Motions for Summary Judgment without waiting for the further discovery from IHC.[4] Thus, Sawyer's Motion to Reinstate, IHC's Motion to Reinstate, and Plaintiffs

---

[3] On November 4, 2019, a subsequent Order was entered specifying how additional discovery would proceed between Plaintiffs and IHC. ECF No. 301.

[4] Pals and Engel's Memorandum Supplementing the Summary Judgment Records states

> With this memorandum, Plaintiffs had intended to also include the results of the forensic examination of IHC's servers and electronic data which was specifically ordered by the Court in June of 2019 and which Plaintiffs believe will shed further light on the circumstances that led to IHC's failure to produce the Safety Checklists. However, in the

3

Motion to Reinstate will be granted. Due to the complexity of the case and the parties' filing methods,[5] the record is somewhat unclear as to which documents relate to each motion. Accordingly, the parties will be required to submit a notice, as described below, identifying the briefs, indexes, and other documents the party has previously filed in support of or opposition to each reinstated motion.

Having reinstated the Motions for Summary Judgment and considering that Sawyer and IHC have had the opportunity to respond to Plaintiffs' Memorandum Supplementing the Summary Judgment Records, IHC's Motion to Strike and Sawyer's Joinder to IHC's Motion to Strike will be denied. In ruling on the Motions for Summary Judgment, the Court will determine the relevancy of the documents referenced in Plaintiffs' Memorandum Supplementing the Summary Judgment Records and Plaintiffs will not be subject to prejudice for their untimely submission.

Accordingly,

IT IS ORDERED:

1. Sawyer's Motion to Reinstate, ECF No. 279, is granted, as follows:
    a. Sawyer's Motion for Summary Judgment, ECF No. 201, is reinstated in Case No. 8:17cv27;

---

months since the Court's Order, the parties have been unable to agree on a vendor and process for conducting the forensic examination. Any further delay in the process only further prejudices the Plaintiffs. Plaintiffs have supplied IHC estimates for two reputable forensic IT vendors that could perform the investigation and intend on obtaining information from the forensic examination for trial purposes.

ECF Nos. 286.

[5] For example, the Brief in Opposition filed by Defendants Tony Weekly Jr. and Bohren Logistics, Inc., ECF No. 229, appears to oppose the Motions for Summary Judgment filed by Sawyers and IHC but is not linked to either motion.

b. Sawyer's Motion in Limine to Exclude the Expert Testimony of John R. Messineo, Jr., P.E., Brian G. Pfeifer, Ph.D., P.E., and John W. Ross, ECF No. 211, is reinstated in Case No. 8:17cv27;

c. Sawyer's Motion to Strike Tony Weekly, Jr.'s and Bohren Logistics, Inc.'s Brief in Support of Motion In Limine to Exclude the Expert Testimony of Darryl Partner and John Goebelbecker, P.E., ECF No. 225, is reinstated in Case No. 8:17cv27; and

d. Sawyer's Motion to Bifurcate, ECF No. 246, is reinstated in Case No. 8:17cv27.

2. IHC's Motion to Reinstate, ECF No. 282, is granted, as follows:

a. IHC's Motion for Summary Judgment, ECF No. 207, is reinstated in Case No. 8:17cv27.

3. Plaintiffs' Motion to Reinstate, ECF No. 280, is granted, as follows:

a. Plaintiffs' Motion in Limine to Exclude the Expert Testimony of Darryl Partner and John Goebelbecker, P.E., ECF No. 203, is reinstated.

4. On or before November 22, 2019, each party shall file a notice, using the attached Appendix A, identifying the briefs, indexes, and other documents the party has previously filed in support or opposition to each reinstated motion; and

5. IHC's Motion to Strike, ECF No. 289, and Sawyer's Joinder to IHC's Motion to Strike, ECF No. 290, are denied.

Dated this 18th day of November, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge