# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHRYNN PALS, et al.; <br><br> Plaintiffs, <br><br> vs. <br><br> TONY WEEKLYJR., BOHREN LOGISTICS, INC., INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER, INC., <br><br> Defendants. | MEMORANDUM AND ORDER <br><br> 8:17CV27 |
| JUAN PAUBLO VELEZ, MARTINIANA VELEZ, and PAOLA VELEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> BOHREN LOGISTICS, INC., TONY WEEKLYJR., INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER INC, <br><br> Defendants. | 8:17CV175 |

This matter is before the Court on the Motion by Plaintiffs Kathrynn Pals and Gordon Engel seeking a final judgment under Fed. R. Civ. P. 54(b) and an order staying further proceeding pending appeal, ECF No. 331.[1] Also before the Court are Motions by Defendants Tony Weekly Jr. and Bohren Logistics, Inc. ("Bohren"), ECF Nos. 336 & 340, joining Plaintiffs' Motion. Defendants D.P. Sawyer, Inc. ("Sawyer") and Interstate Highway

---

[1] ECF Filing Number references are to Case No. 8:17cv27.

1

Construction, Inc. ("IHC") oppose Plaintiffs' Motion. For the reasons stated below, Plaintiffs' Motion will be denied.

## BACKGROUND

On January 14, 2020, this Court entered a Memorandum and Order ("Prior Order"), ECF No. 328, dismissing Plaintiffs'[2] claims against Sawyer and IHC. The Court also determined Weekly was negligent as a matter of law. The Court incorporates the factual summary from its Prior Order. *Id.* at Page ID 8100-01. No final order of judgment has been entered, because claims remain pending against Weekly and Bohren.

## STANDARD OF REVIEW

Federal courts of appeal only have jurisdiction over appeals from "final decisions" of federal district courts. 28 U.S.C. §1291. However, pursuant to Rule 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Appellate courts leave the determination of the "appropriate time when each final decision in a multiple claims action is ready for appeal" to the "sound judicial discretion of the district court." *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (citation omitted).

## DISCUSSION

In the Prior Order, the Court determined Weekly was negligent as a matter of law, and *his* negligence—not any negligence of IHC or Sawyer—was the cause of the

---

[2] For purposes of this Memorandum and Order references to Plaintiffs are only to Kathryn Pals and Gordon Engel.

collision. The Court's analysis and subsequent dismissal were based on the determination that Weekly's negligence was an efficient intervening cause of the collision. "[A]n efficient intervening cause[3] is new and independent conduct of a third person, which itself is a proximate cause of the injury in question and breaks the causal connection between original conduct and the injury." *Pohl v. Cty. of Furnas*, 682 F.3d 745, 754 (8th Cir. 2012) (citing *Zeller v. Cty. of Howard,* 419 N.W.2d 654, 658 (Neb. 1988)). "The causal connection is severed when (1) the negligent actions of a third party intervene, (2) the third party had full control of the situation, (3) the third party's negligence could not have been anticipated by the defendant, and (4) the third party's negligence directly resulted in injury to the plaintiff." *Baumann v. Zhukov*, 802 F.3d 950, 954 (8th Cir. 2015) (quoting *Latzel v. Bartek,* 846 N.W.2d 153, 164 (Neb. 2014)).

The evidence showed Weekly's negligent actions intervened; he had full control over the situation; he could have prevented the collision by exercising reasonable care while driving toward the stopped vehicles; and no condition attributable to the stopped traffic prevented him from avoiding the collision. Weekly's negligence could not have been anticipated by IHC or Sawyer and resulted directly in injury to the Pals and Velez families. As a result, the Court determined that Plaintiffs' claims against IHC and Sawyer failed on the element of causation.

Plaintiffs' claims against Weekly and Bohren survived summary judgment. Plaintiffs now seek final judgment on the dismissed claims for the purpose of filing an

---

[3] "Superseding cause, sometimes called either intervening cause or efficient intervening cause, is a label sometimes applied to some kinds of proximate cause or concurring cause problems . . . ." NJI2d Civ. 3.43 cmt. I. "Proving the lack of an efficient intervening cause is a part of the burden of the party attempting to prove causation." *Id*. "While the [Nebraska] Supreme Court has disapproved of separate [jury] instruction on the point, 'efficient intervening cause' does remain part of the vocabulary of the court." *Id*. at cmt. II (citing *Johnson By and Through Johnson v. School Dist. of Millard*, 573 N.W.2d 116, 120 (Neb. 1998); *Latzel v. Bartek*, 846 N.W.2d 153, 164 (Neb. 2014)).

appeal. According to Plaintiffs, the questions ripe for immediate appeal relate to IHC and Sawyer exclusively. Defendants Weekly and Bohren join in Plaintiffs' Motion, arguing that the reasons given by Plaintiffs for certification and stay apply equally to them.

Generally, only orders that dispose of all claims are considered final and appealable under 28 U.S.C. § 1291. *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016) (citing *Williams v. Cnty. of Dakota, Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012)). "Rule 54(b) creates a well-established exception to this rule by allowing a district court to enter a final judgment on some but not all of the claims in a lawsuit." *Id.* (quoting *Williams*, 687 F.3d at 1067). "Rule 54(b) certifications 'should neither be granted routinely nor as an accommodation to counsel.'" *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009) (quoting *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir.2006)). "[T]he district court must undertake a two-step analysis when deciding whether to certify an order under Rule 54(b)." *Downing*, 810 F.3d at 585 (citations omitted).

First, the district court must "determine that it is dealing with a final judgment ... in the sense that it is an ultimate disposition of an individual claim." *Id.* (quoting *Williams*, 587 F.3d at 1067). "Second, the district court must determine whether a just reason for delay exists." *Id.* (citation omitted). "In making such determination, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Id.* (citation and quotation marks omitted). "It is a long-standing rule of the Eighth Circuit that '[c]ertification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Id.* (quoting *Hayden v. McDonald*, 719 F.2d 266, 268 (8th

4

Cir.1983) (per curiam)). The Plaintiffs' claims against IHC and Sawyer have been dismissed in their entirety, so the Court only addresses whether there is just reason for delay of an appeal.

In *Hayden* the Eighth Circuit identified several factors[4] that should be considered in determining whether danger or hardship through delay exists:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 585-86 (citing *Hayden*, 719 F.2d at 269). After considering the factors identified in *Hayden*, the Court concludes that certification should be denied.

## I.     Relationship between the adjudicated and unadjudicated claims

"Where each claim requires familiarity with the same nucleus of facts and involves analysis of similar legal issues, the claims should be resolved in a single appeal." *Dean v. Cty. of Gage, Neb.*, 807 F.3d 931, 938 (8th Cir. 2015) (citation and internal quotations omitted).

> It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties.

---

[4] The factors Plaintiffs identify are (1) whether the claims under review were separable from the others remaining to be adjudicated, (2) whether the nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals, and (3) whether there is some danger of hardship or injustice which an immediate appeal would alleviate. These factors are subsumed within the factors identified by the Eighth Circuit and the Court will discuss the third factor within the miscellaneous factors section.

5

Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2659 (4th ed.). Although "complete legal or factual distinction is not necessary," *Carter v. City of Philadelphia*, 181 F.3d 339, 347 n. 20 (3d Cir. 1999), "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Packard v. Darveau*, No. 4:11CV3199, 2013 WL 1338893, at *3 (D. Neb. Apr. 1, 2013) (quoting *Curtis-Wright Corp.*, 466 U.S. at 8).

Plaintiffs' claims against all Defendants sound in negligence and result from the collision that occurred on July 31, 2016. The facts leading up to the accident, specifically those dealing with the visibility of the stopped or slowing traffic and Weekly's actions, are relevant to Plaintiffs' claims against all Defendants. Although Plaintiffs' claims against IHC and Sawyer may involve additional evidence and some different legal issues, the intertwined nature of the facts and legal issues weighs against certification.

## II.     Possibility that the need for review may be mooted

The only claims that remain pending in the district court are those against Weekly and Bohren. IHC mentions in its brief that there is an interpleader action regarding the distribution of certain funds of Bohren Logistics to interested parties as a result of the accident that is the subject of this litigation.[5] IHC contends that upon resolution of the interpleader action, Plaintiffs will be forced to consider whether to dismiss their causes of action against Weekly and Bohren or proceed to trial and attempt to recover a verdict in excess of the interpleader funds. Plaintiffs do not mention the interpleader action. Their reference to the possibility of two trials indicates an intent to proceed on their claims against Weekly and Bohren. Based on the information before the Court, it does not appear

---

[5] *Am. Hallmark Ins. Co. of Texas v. Bohren Logistics, Inc.*, 18-cv-293 (N.D. Ind.)

6

that the need for review of the dismissal of the claims against IHC and Sawyer will be mooted by future developments in the district court. Thus, this factor does not weigh against certification.

## III. Possibility that reviewing court may consider the same issue twice

According to Plaintiffs, the questions for appeal include (1) the sufficiency of the evidence to prove that IHC and Sawyer should have foreseen Weekly's negligence and (2) the significance of IHC's alleged willful spoliation of evidence.[6] Plaintiffs are correct that the appellate court will not be called on to resolve these exact issues twice. However, the overarching issue is what caused the Plaintiffs' injuries. Certification of these narrow issues for appeal would likely cause the appellate court to engage in a repeated review of the record of the case. Thus, this factor weighs against certification.

## IV. Potential setoff against the judgment sought to be made final

The absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final weighs in favor of certification. See *Downing*, 810 F.3d at 586 ("given that no money judgment has been entered in favor of either party, no potential for setoff exists, tipping the fourth factor in favor of certification as well"). Given

---

[6] The Plaintiffs rely on the Magistrate Judge's order dated June 28, 2019, which stated that "[t]he issue of whether the safety meeting checklists, project safety analysis, and project safety inspection checklists were intentionally destroyed may be determined by the jury at the time of trial." ECF No. 279, Page ID 7788. This Order was based, in part, on the prior Order which stated that "[a] review of the template reveals that the missing checklists would have information regarding accidents, conditions, and proposed safety measures for the Project" and "[t]he checklists would clearly be relevant to the claims in this action." Order, ECF No. 215, Page ID 3776. "Given the nature of the safety meeting checklists, project safety analysis, and project safety inspection checklists, their loss is prejudicial to Plaintiffs." *Id.* at 3777. "[A] party's intentional destruction of evidence relevant to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction." *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) (citations omitted). Even assuming IHC's spoliation of evidence was willful, any adverse inference the jury could draw from the missing documents could not have led to a verdict in favor of Plaintiffs. The Court's decision was premised on the extraordinarily unforeseeable nature of Weekly's actions.

that no money judgment had been entered in favor of either party, no potential for setoff exists. Thus, this factor does not weigh against certification.

**V.      Miscellaneous factors**

The Court determined that Weekly was negligent as a matter of law. The Plaintiffs and remaining Defendants are nearing a trial, although a date is not set. Plaintiffs state that "it is a certainty" that Weekly and Bohren would not have assets to satisfy a judgment and they will appeal the Court's Prior Order granting summary judgment in favor of IHC and Sawyer. Pl. Br., ECF No. 332, Page ID 8122. Plaintiffs also note that Weekly and Bohren do not oppose the Rule 54(b) motion.

Due to the nature of the remaining claims, the trial against Weekly and Bohren should be comparatively expedient. Although their potential insolvency has been considered by the Court, the argument that they would likely appeal the Prior Order suggests that this case should be presented to the appellate court in a unified appeal so that all issues between all parties may be resolved at once. Finally, the right to appeal cannot be obtained by consent and, thus, the fact that Bohren and Weekly support Plaintiffs' request for certification is not dispositive. *See Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118 (8th Cir. 2011) ("Though the parties agree that the case is properly before this court, they may not create jurisdiction by waiver or consent." (internal quotations omitted)); *Elliott v. Archdiocese of New York*, 682 F.3d 213, 218–19 (3d Cir. 2012) ("The parties, however, cannot by their consent vest this Court with jurisdiction over this appeal.").

Plaintiffs argue that an immediate appeal would avoid the possibility that Plaintiffs will have to conduct two separate trials regarding the horrific deaths of their beloved

children and grandchildren and, thus, avoid unnecessary emotional and mental anguish. Plaintiffs also argue that "if forced to conduct separate trials, Plaintiffs would incur substantial costs, including costs for travel and lodging while away from their homes in the Twin Cities." Pl. Br., ECF No. 332, Page ID 8128. Plaintiffs note that denial of the motion creates the potential for two trials and two appeals and that granting the motion will not prejudice IHC and Sawyer.

Certification should not be granted merely because there is 'the potential for multiple trials . . . and . . . inconsistent jury verdicts involving the same incident.'" *Equal Employment Opportunity Comm'n v. JBS USA, LLC*, No. 8:10CV318, 2016 WL 5173222, at *2 (D. Neb. Sept. 21, 2016) (quoting *Huggins*, 566 F.3d at 774). The Eighth Circuit has stated that the risk of having two trials is "simply one of the costs of the final-judgment rule, costs which have already been weighed by Congress" and that "permitting appeals before final judgment causes delay, expense, and duplication of appellate process, especially in view of the fact that, statistically speaking, most appeals result in affirmances." *Huggin*, 566 F.3d at 775 (quoting *Bullock v. Baptist Memorial Hosp.*, 817 F.2d 58, 60 (8th Cir. 1987). Thus, the miscellaneous factors, overall, weigh against certification.

The Court is sympathetic to Plaintiffs' desire to avoid the risk of two highly emotional trials and recognizes the lack of prejudice to IHC and Sawyer from granting Plaintiffs' motion. However, "the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Downing*, 810 F.3d at 585. Particularly relevant in this case is the factual similarity of claims and the need to avoid multiple appeals. After considering all

the equities and judicial administrative interests, the Court cannot conclude there is no just reason for delay of the Plaintiffs' appeal of the Prior Order, and the Court will decline to certify such an appeal. Accordingly,

IT IS ORDERED:

1. The Motion filed by Plaintiffs Kathrynn Pals and Gordon Engel, ECF No. 331, is denied;

2. The Motions filed by Defendants Tony Weekly Jr. and Bohren Logistics, Inc., ECF Nos. 336 & 340, are denied; and

3. Plaintiffs' request for certification of immediate appeal and stay is denied.

Dated this 23rd day of March, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge